G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd., Suite 960
Los Angeles, CA 90028
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com

Matthew A. Rosenthal, Esq. (SBN 279334)
**WESTGATE LAW**
16444 Paramount Blvd., Suite 205
Paramount, CA 90723
Telephone: 818.200.1497
Facsimilie: 818.869.2208
matt@westgatelaw.com

Attorneys for Plaintiff
MARK MACIAS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MARK MACIAS,<br><br>    Plaintiff,<br><br>    vs.<br><br>HYUNDAI CAPITAL AMERICA d/b/a HYUNDAI MOTOR FINANCE; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION LLC;<br><br>    Defendant(s). | Case No.: 8:20-cv-655<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681]**<br>2. **VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT [CAL. CIV. CODE § 1785.1]** |

- 1 -

# COMPLAINT FOR DAMAGES
## INTRODUCTION

1. MARK MACIAS (Plaintiff) brings this action to secure redress from HYUNDAI CAPITAL AMERICA d/b/a HYUNDAI MOTOR FINANCE (hereinafter "Hyundai"); EQUIFAX INFORMATION SERVICES, LLC; and TRANSUNION, LLC (hereinafter "The CRA Defendants"), for violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies' Act ("CCCRAA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Los Angeles, California. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a), and by the CCCRAA, Cal. Civ. Code § 1785.3(b).

5. Defendant Hyundai is and was, at all relevant times stated herein, a corporation with its headquarters in Irvine, California which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

6. Defendant, Equifax Information Services, LLC (hereinafter "Equifax"), is a limited liability company with its principal place of business located at 1550 Peachtree St. NW Atlanta, Georgia, 30309. At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a

cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).  Likewise, Equifax is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

7. Defendant, Transunion LLC (hereinafter "Transunion"), is a limited liability company with its principal place of business located at 555 W. Adams Chicago, IL 60661-3719.  At all relevant times herein, Defendant, Transunion, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Likewise, Transunion is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

9. Plaintiff is informed and believe and on that basis alleges that Defendant are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees, and that each of them are legally liable to Plaintiffs, as set forth below.

## FACTUAL ALLEGATIONS

10. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

11. Furthermore, Defendants conducted business within the State of California at all relevant times herein.

12. On or about January 24, 2019 Plaintiff entered into a loan (hereinafter "the Loan") with Defendant Hyundai in order to purchase a 2016 Hyundai Genesis, VIN KMHHT6KJ5GU136173.

13. Plaintiff thereafter made timely payments on the Loan for the duration of the Loan term.

14. On or about December 4, 2019, Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Central District of California in Los Angeles. Plaintiff's case was assigned Case Number 2:19-bk-24206-BB (the "Bankruptcy").

15. Notwithstanding the filing of the Bankruptcy, Plaintiff continued to make timely payments on the Loan.

16. On January 31, 2020, Plaintiff signed a reaffirmation agreement with Hyundai in which he agreed to reaffirm the original terms of the Loan.

17. Notwithstanding Plaintiff's reaffirmation of the Loan, Defendant Hyundai thereafter inaccurately and negatively reported that Plaintiff's account was "included in bankruptcy," that the account was closed, and that the account had a zero balance to the CRA Defendants.

18. Notwithstanding Plaintiff's reaffirmation of the Loan, Defendant Hyundai additionally failed to report to the CRA Defendants that Plaintiff was making timely payments on the Loan.

19. Additionally, Hyundai continues to negatively and inaccurately report that Plaintiff's accounts were "included in bankruptcy," that the account was closed, and that each account has a zero balance to the CRA Defendants, which continue to report it.

20. To date, negative and inaccurate information reported by Hyundai remains on Plaintiff's Equifax and Transunion credit reports.

21. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

22. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

23. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative tradeline entries appearing on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
### Violations of the CCRAA
### California Civil Code §1785.25(a) *et. seq*
### (Against Hyundai)

24. Plaintiff's incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

26. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

27. Cal Civil Code 1785.31. states as follows:

(a) Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:

(1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering;

(2) In the case of a willful violation:

(A) Actual damages as set forth in paragraph (1) above;

(B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;

(3) In the case of liability of a natural person for obtaining a consumer credit report under false pretenses or knowingly without a permissible purpose, an award of actual damages pursuant to paragraph (1) or subparagraph (A) of paragraph (2) shall be in an amount of not less than two thousand five hundred dollars ($2,500).

## SECOND CAUSE OF ACTION

**Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against the CRA Defendants)**

28. The allegations set forth in paragraphs 1-27 above are re-alleged and incorporated by reference as if fully set forth herein.

29. The CRA Defendants are regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

30. The CRA Defendants use means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, are "consumer reporting agencies" within the meaning of 15 U.S.C. § 1681a(t). The

CRA Defendants are likewise "consumer reporting agencies" within the meaning of Cal. Civ. Code § 1785.3(d).

32. In preparing Credit Reports, the CRA Defendants have failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

32. As a result of the CRA Defendant's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), the CRA Defendants have erroneously reported as "included in bankruptcy," "closed," and/or have reported a zero balance for Plaintiff's reaffirmed Loan and have failed to accurately report the timely payments Plaintiff has made under the Loan.

33. The CRA Defendant's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

34. As a result of the CRA Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

35. As a further result of the CRA Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff has suffered damage to her credit rating and other actual damages.

///

## THIRD CAUSE OF ACTION

**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against the CRA Defendants)**

36. The allegations set forth in paragraphs 1-36 above are re-alleged and incorporated by reference as if fully set forth herein.

37. In preparing credit reports relating to Plaintiff, the CRA Defendants have failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

38. As a result of the CRA Defendants' failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), the CRA Defendants have erroneously reported as "included in bankruptcy," "closed," and/or have reported a zero balance for Plaintiff's reaffirmed Loan and have failed to accurately report the timely payments Plaintiff has made under the Loan.

39. Defendants' failure to comply with the requirements of 15 U.S.C. § 1681 e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l), respectively.

40. As a result of Defendants' negligent violations of the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.l4(b), Plaintiffs has suffered damage to her credit rating and other actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

41. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1681(n) and Cal. Civ. Code § 1785.31(a)(2)(A);

1    42.    an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

43.    an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

44.    an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.16 and 1785.25(a);

45.    an award of attorneys' fees and costs pursuant to 15 U.S.C § 1681(o) and Cal. Civ. Code § 1785.31(d);

46.    Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff's demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 3, 2020            **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*